EXHIBIT "A"

THE LAW OFFICE OF JONATHAN M. KASHANI, P.L.C.
JONATHAN M. KASHANI, State Bar No. 266610
Jonathan@kashlegal.com
Kash Legal Building
2839 South Robertson Boulevard
Los Angeles, California 90034
Telephone: (310) 272-7157
Facsimile: (310) 272-7746
Email: litigationteam@kashlegal.com

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

11/13/2023 12:00 AM

By: Janelle Martinez, DEPUTY

Attorney for Plaintiff
JIMMY YARBROUGH

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JIMMY YARBROUGH, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF SAN BERNARDINO, a public entity; CITY OF HESPERIA, a public entity; CITY OF VICTORVILLE, a public entity; TOWN OF APPLE VALLEY, a public entity; and DOES 1 through 100,<br><br>　　　　Defendants. | CASE NO. CIVSB2328510<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **STATUTORY LIABILITY - ASSAULT;**<br>2. **STATUTORY LIABILITY – BATTERY;**<br>3. **STATUTORY LIABILITY – FALSE IMPRISONMENT;**<br>4. **STATUTORY LIABILITY – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>5. **STATUTORY LIABILITY – NEGLIGENCE;**<br>6. **EXCESSIVE FORCE – VIOLATION OF 42 U.S.C. § 1983;**<br>7. **FAILURE TO PROPERLY SCREEN AND HIRE – VIOLATION OF 42 U.S.C. § 1983;**<br>8. **FAILURE TO PROPERLY TRAIN, SUPERVISE, AND DISCIPLINE – VIOLATION OF 42 U.S.C. § 1983;**<br>9. **VIOLATION OF CALIFORNIA CIVIL CODE, § 52.1;**<br>10. **ASSAULT;**<br>11. **BATTERY;**<br>12. **FALSE IMPRISONMENT;**<br>13. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>14. **NEGLIGENCE.**<br><br>　　[UNLIMITED CIVIL]<br>　　**JURY TRIAL DEMANDED** |

COUNTY OF SAN BERNARDINO
JAN 0 8 2024
CLERK OF THE BOARD

Plaintiff JIMMY YARBROUGH hereby complains and alleges against the Defendants, and each of them, as follows:

1.     Plaintiff JIMMY YARBROUGH is and was at all relevant times an individual residing in San Bernardino County, California.

2.     Defendant COUNTY OF SAN BERNARDINO is and was at all relevant times a public entity within California.

3.     Defendant CITY OF VICTORVILLE is and was at all relevant times a public entity within San Bernardino County, California.

4.     Defendant CITY OF HESPERIA is and was at all relevant times a public entity within San Bernardino County, California.

5.     Defendant TOWN OF APPLE VALLEY is and was at all relevant times a public entity within San Bernardino County, California.

6.     The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff at this time who therefore sues said Defendants by such fictitious names and when the true names and said capacities of said defendants are ascertained, Plaintiff will amend this complaint accordingly. Plaintiff is informed and believes and thereon alleges that each of the named Defendants and those designated herein as a DOE is legally responsible and liable in some manner for the events and happenings herein referred to and caused injury and damage proximately thereby to Plaintiff as herein alleged.

7.     This is a civil rights action seeking monetary damages and/or other relief from Defendants for violating various civil rights of Plaintiff under the United States Constitution and California law.

8.     In doing the acts alleged in the Complaint, Defendants were acting under the color of statutes, ordinances, regulations, customs, laws, and usages of the public entity Defendants and the State of California.

9.     Defendants, and each of them, were acting for and on behalf of each of the other Defendants as their agent, contractor, affiliate, owner, subsidiary, partner, successor, assign, officer, director, manager, principal, alter ego, servant, representative and/or employee and that all acts, conduct

Exhibit A - 002

1  and omissions herein alleged were perpetrated while said Defendants were acting within the authorized

2  course, scope and purpose of said relationship(s) and with the full authority of the other Defendants.

3  Plaintiff is further informed and believes, and thereon alleges that, at all times mentioned herein, the

4  facts, circumstances and consequences of the alleged acts/omissions of the Defendants, along with the

5  alleged acts/omissions themselves, were known to, ratified and adopted by each of the other Defendants,

6  including their management/supervisory personnel.  These Defendants are liable for the acts of each

7  other through principles of respondeat superior, vicarious liability, agency, ostensible agency,

8  partnership, alter-ego and other forms of vicarious liability.

9       10.     Jurisdiction and venue in this County is proper because the events giving rise to each and

10  every of the following causes of action, which are described below, occurred within this judicial district

11  in the State of California.  The relief sought through this Complaint is within the jurisdiction of this

12  Court because the damages exceed $25,000.

13       11.     Plaintiff filed timely government claims against each of the public entity Defendants.

14  The County of San Bernardino served the rejection of Plaintiff's claim via mail on June 23, 2023.  The

15  City of Victorville served the rejection of Plaintiff's claim via mail on May 16, 2023.  The Town of

16  Apple Valley served the rejection of Plaintiff's claim via mail on May 18, 2023.  The City of Hesperia

17  did not respond to the claim.

18                    **FACTS COMMON TO ALL CAUSES OF ACTION**

19       12.     On November 12, 2022, Plaintiff was physical attacked without any provocation or

20  justification, falsely arrested/detained, falsely accused of crimes/illegal conduct, and illegally had his car

21  towed/impounded by Defendants' sheriffs/officers/deputies/agents/employees.  The illegal/tortious

22  actions and conduct of the Defendants and their sheriffs/officers/deputies/agents/employees caused

23  severe bodily and psychological/emotional injuries and other damages and deprived Plaintiff of his civil

24  rights.

25       13.     On November 12, 2022, Defendants and their sheriffs/officers/deputies/agents/employees

26  harassed, intimidated, tailgated, and pulled over Plaintiff and Plaintiff's vehicle using Defendants'

27  official law enforcement vehicles/equipment/authority without any justification resulting in severe

28  injuries and damages to Plaintiff and depriving Plaintiff of his civil rights.

14.    On November 12, 2022, Defendants and their sheriffs/officers/deputies/agents/employees intentionally assaulted and battered Plaintiff without any justification resulting in severe injuries and damages to Plaintiff and depriving Plaintiff of his civil rights.

15.    On November 12, 2022, Defendants and their sheriffs/officers/deputies/agents/employees intentionally/negligently/tortiously/recklessly acted/performed their duties (including as law enforcement agencies/officers) so as to cause Plaintiff to be physically attacked without justification, falsely arrested/detained, falsely accused of crimes/illegal conduct, and to have his vehicle illegally towed and impounded resulting in injuries and damages Plaintiff.

16.    On November 12, 2022 and at all relevant prior times, Defendants and their sheriffs/officers/deputies/agents/employees intentionally/negligently/tortiously/recklessly hired/trained/supervised/retained/failed to discipline (investigate the conduct of) the other Defendants, including Defendants' deputies/officers/agents/employees who assaulted and battered Plaintiff without justification, falsely arrested/detained Plaintiff, falsely accused Plaintiff of crimes/illegal conduct, and illegally had Plaintiff's vehicle towed and impounded resulting in injuries and damages to Plaintiff. At the time of the subject incident(s) Defendants and their sheriffs/officers/deputies/agents/employees knew or should have known about the lack of ability/training/experience/supervision/discipline/investigation of their deputies/officers/employees/agents and the unfitness of these individuals to perform law enforcement duties due to, among other things, their age/inexperience/lack of training/lack of supervision/prior conduct and actions/lack of discipline and investigation/history/background. Notwithstanding this knowledge/constructive knowledge, Defendants and their sheriffs/officers/deputies/agents/employees negligently/tortiously/recklessly hired/trained/supervised/retained their deputies/officers/agents/employees involved in the subject incident(s) and related occurrences so as to cause the illegal and tortious acts to be carried out against Plaintiff and to cause those actions to be covered up in an attempt to avoid responsibility/liability for the injuries and damages caused to Plaintiff.

17.    On November 12, 2022, Defendants and their sheriffs/officers/deputies/agents/employees used excessive force upon Plaintiff causing severe physical/psychological/emotional injuries and damages (as well as damage to Plaintiff's property, including his automobile). At no time was any

1 | crime or illegal conduct being perpetrated by Plaintiff and Plaintiff never took any actions that would

2 | have justified any physical interaction with deputies/officers.  Nonetheless, and due to Plaintiff's

3 | race/background and/or other tortious, illegal and discriminatory reasons, Defendants and their

4 | sheriffs/officers/deputies/agents/employees intentionally, knowingly, maliciously, willfully, wantonly,

5 | and with conscious and reckless disregard for the rights and safety of Plaintiff forcefully pulled Plaintiff

6 | out of his vehicle, slammed him into the side of the vehicle and physical grabbed/restrained  without

7 | justification causing injuries and damages to Plaintiff and his vehicle and/or other property.

8 |      18.    On November 12, 2022, Defendants and their sheriffs/officers/deputies/agents/employees

9 | falsely arrested/detained Plaintiff using extreme bodily force upon Plaintiff, falsely

10 | imprisoning/detaining Plaintiff against his will and without any reason or justification, and falsely

11 | accusing Plaintiff of committing crimes/engaging in illegal conduct.  At no time did Plaintiff commit

12 | any crime or engage in any unlawful conduct. Nonetheless, and due to Plaintiff's race/background

13 | and/or other tortious, illegal and discriminatory reasons, Defendants and their

14 | sheriffs/officers/deputies/agents/employees intentionally, knowingly, maliciously, willfully, wantonly,

15 | and with conscious and reckless disregard for the rights and safety of Plaintiff forcefully pulled Plaintiff

16 | out of his vehicle and falsely arrested/detained Plaintiff falsely accused him of crimes. Defendants and

17 | their sheriffs/officers/deputies/agents/employees then took intentional/willful/malicious actions to cover

18 | up and hide their illegal conduct, including changing/altering the alleged basis for arrest/detainment.  No

19 | charges were ever brought against Plaintiff in relation to the subject incident.  Plaintiff was caused to

20 | suffer severe physical/psychological/emotional injuries and damages (as well as damage to Plaintiff's

21 | property, including his automobile) as a result of the conduct of Defendants and their

22 | sheriffs/officers/deputies/agents/employees.

23 |      19.    On November 12, 2022, Defendants and their sheriffs/officers/deputies/agents/employees

24 | illegally and tortiously towed and impounded Plaintiff's vehicle requiring time and money to retrieve the

25 | vehicle.  There was no basis to arrest/detain Plaintiff and/or tow/impound his car.  Nonetheless, and due

26 | to Plaintiff's race/background and/or other tortious, illegal and discriminatory reasons, Defendants and

27 | their sheriffs/officers/deputies/agents/employees intentionally, knowingly, maliciously, willfully,

28 |

1  wantonly, and with conscious and reckless disregard for the rights and safety of Plaintiff forcefully

2  pulled Plaintiff out of his vehicle, falsely arrested/detained him, and towed/impounded his vehicle.

3       20.    Since the subject incident, Defendants and their

4  sheriffs/officers/deputies/agents/employees have engaged in harassing, threatening and intimidating

5  conduct directed at Plaintiff and intended to harass, threaten, intimidate and scare Plaintiff and dissuade

6  Plaintiff from enforcing and exercising his civil rights.  Such harassing, threatening, and intimidating

7  conduct includes showing up at Plaintiff's house (while other deputies snuck around the side/back area

8  of Plaintiff's house), performing unjustified investigations/stops of Plaintiff and/or others (including

9  businesses) used by/related to Plaintiff, showing up at/driving by locations where Plaintiff is located for

10  no reason.

11       21.    At all relevant times, Defendants and their sheriffs/officers/deputies/agents/employees

12  created and maintained policies, procedures and customs of practice that deprived persons, including

13  Plaintiff, of civil rights, including (but not limited to) policies/practices/customs permitting the use of

14  excessive force, racial profiling, false accusations/arrests/detainments, intimidation and harassment, and

15  the covering up of illegal/tortious conduct.

16       22.    As a direct and proximate result of the actions and conduct of Defendants and their

17  sheriffs/officers/deputies/agents/employees Plaintiff was deprived of his personal and civil rights,

18  including but not limited to his rights to be free from discriminatory conduct perpetrated by law

19  enforcement, rights to privacy, rights to not be falsely accused of crimes, rights not to be falsely

20  arrested/detained, rights to due process, rights to be free from illegal searches and seizures, and rights to

21  be free from use of excessive and illegal force by law enforcement.

22       23.    Defendants and their sheriffs/officers/deputies/agents/employees are responsible and

23  liable for their actions and the resulting damages caused to Plaintiff due to their illegal, intentional,

24  tortious, reckless and/or negligent actions and conduct as described herein pursuant to applicable

25  provisions of the California Government Code, including (but not limited to) Sections 815, 815.2, 815.4,

26  815.6, 820, and 895.2, applicable provisions of the California Civil Code, including (but not limited to)

27  Sections 52 and/or 52.1, applicable provisions of the California Constitution, and federal

28  laws/Constitutional provisions/Amendments, including (but not limited to), 42 U.S.C. Section 1983, 42

1  U.S.C., Section 1988, and the 4th Amendment and 14th Amendment to the Constitution. All of the

2  alleged actions and conduct of Defendants and their sheriffs/officers/deputies/agents/employees were

3  performed under color of law and law enforcement authority (using law enforcement

4  uniforms/equipment/vehicles/premises) and while said parties were acting or purporting to act in the

5  performance of their official duties.

6      24.    As a result of the actions and conduct of Defendants and their

7  sheriffs/officers/deputies/agents/employees, Plaintiff has been physically/psychologically/emotionally

8  injured and damaged, including related general damages (pain/suffering/emotional distress), and

9  incurred economic damages, including medical bills and damage to property. Plaintiff is also seeking

10  payment of attorney fees and punitive damages as applicable.

11

12                          **FIRST CAUSE OF ACTION**

13                   **STATUTORY LIABILITY – ASSAULT**

14  **(Against Defendants COUNTY OF SAN BERNARDINO, a public entity; CITY OF HESPERIA, a**

15  **public entity; CITY OF VICTORVILLE, a public entity; TOWN OF APPLE VALLEY, a public**

16                   **entity; and DOES 1 through 50)**

17      25.    Plaintiff restates and realleges each of the other allegations and paragraphs of this

18  Complaint and hereby incorporates by reference said allegations and paragraphs as though fully set forth

19  below.

20      26.    On November 12, 2022 and subsequent occasions, Defendants and their

21  sheriffs/officers/deputies/agents/employees acted intending to cause injury and harmful/offensive

22  contact/touching to Plaintiff and/or threatened to contact/touch Plaintiff in an

23  injurious/harmful/offensive manner. At all relevant times, it reasonably appeared to Plaintiff and

24  Plaintiff reasonably believed Defendants and their sheriffs/officers/deputies/agents/employees would

25  carry out their threats and that he was about to be contacted/touched in an injurious/harmful/offensive

26  manner.

27      27.    At no time did Plaintiff consent to any contact or touching of his person/property by

28  Defendants or any of the other alleged conduct of Defendants.

28.     As a direct and proximate result of the conduct and actions of Defendants and their sheriffs/officers/deputies/agents/employees Plaintiff has been physically/psychologically/emotionally injured and damaged, including related general damages (pain/suffering/emotional distress), and incurred economic damages, including medical bills and damage to property.  The amount of said damages is more than the jurisdictional minimum required by this Court.

29.     The aforementioned acts of Defendants and their sheriffs/officers/deputies/agents/employees were willful, wanton, malicious, intentional, oppressive and despicable, and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff.

## SECOND CAUSE OF ACTION
## <u>STATUTORY LIABILITY – BATTERY</u>
**(Against Defendants COUNTY OF SAN BERNARDINO, a public entity; CITY OF HESPERIA, a public entity; CITY OF VICTORVILLE, a public entity; TOWN OF APPLE VALLEY, a public entity; and DOES 1 through 50)**

30.     Plaintiff restates and realleges each of the other allegations and paragraphs of this Complaint and hereby incorporates by reference said allegations and paragraphs as though fully set forth below.

31.     Defendants and their sheriffs/officers/deputies/agents/employees, acting individually and/or in concert, attacked, assaulted and battered Plaintiff during the course and scope of their employment and under color of law and law enforcement/police authority.

32.     In doing the acts herein alleged, Defendants and their sheriffs/officers/deputies/agents/employees acted with the intent to cause harmful or offensive contacts and did cause such harmful or offensive contacts by physically attacking Plaintiff.

33.     Plaintiff did not consent to Defendants' harmful/offensive contacts.

34.     As a direct and proximate result of the conduct and actions of Defendants and their sheriffs/officers/deputies/agents/employees Plaintiff has been physically/psychologically/emotionally injured and damaged, including related general damages (pain/suffering/emotional distress), and

1   incurred economic damages, including medical bills and damage to property. The amount of said

2   damages is more than the jurisdictional minimum required by this Court.

3        35.   The aforementioned acts of Defendants and their

4   sheriffs/officers/deputies/agents/employees were willful, wanton, malicious, intentional, oppressive and

5   despicable, and were done in willful and conscious disregard of the rights, welfare and safety of

6   Plaintiff.

**THIRD CAUSE OF ACTION**

**STATUTORY LIABILITY – FALSE IMPRISONMENT**

**(Against Defendants COUNTY OF SAN BERNARDINO, a public entity; CITY OF HESPERIA, a public entity; CITY OF VICTORVILLE, a public entity; TOWN OF APPLE VALLEY, a public entity; and DOES 1 through 50)**

12        36.   Plaintiff restates and realleges each of the other allegations and paragraphs of this

13   Complaint and hereby incorporates by reference said allegations and paragraphs as though fully set forth

14   below.

15        37.   Defendants and their sheriffs/officers/deputies/agents/employees intentionally deprived

16   Plaintiff of his freedom of movement by use of physical force/barriers/threats of

17   force/menace/fraud/deceit/unreasonable duress. The subject

18   interactions/confinement/restraints/detention required and compelled Plaintiff to be taken away from his

19   vehicle and detained for a significant period of time. Plaintiff did not consent to any of the conduct of

20   Defendants.

21        38.   As a direct and proximate result of the conduct and actions of Defendants and their

22   sheriffs/officers/deputies/agents/employees Plaintiff has been physically/psychologically/emotionally

23   injured and damaged, including related general damages (pain/suffering/emotional distress), and

24   incurred economic damages, including medical bills and damage to property. The amount of said

25   damages is more than the jurisdictional minimum required by this Court.

26        39.   The aforementioned acts of Defendants and their

27   sheriffs/officers/deputies/agents/employees were willful, wanton, malicious, intentional, oppressive and

28

1 | despicable, and were done in willful and conscious disregard of the rights. welfare and safety of

2 | Plaintiff.

3

4 | **FOURTH CAUSE OF ACTION**

5 | **STATUTORY LIABILITY – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

6 | **(Against Defendants COUNTY OF SAN BERNARDINO, a public entity; CITY OF HESPERIA, a**

7 | **public entity; CITY OF VICTORVILLE, a public entity; TOWN OF APPLE VALLEY, a public**

8 | **entity; and DOES 1 through 50)**

9 |     40.    Plaintiff restates and realleges each of the other allegations and paragraphs of this

10 | Complaint and hereby incorporates by reference said allegations and paragraphs as though fully set forth

11 | below.

12 |     41.    Defendants and their sheriffs/officers/deputies/agents/employees have/had a pattern and

13 | practice of treating law-abiding members of the public in a hostile and unacceptable manner.

14 | Defendants intentionally treated Plaintiff in an extreme and outrageous manner by assaulting/battering

15 | him, violating his civil rights, falsely imprisoning him, and harassing and retaliating against Plaintiff,

16 | including the conduct of Defendants as alleged in this Complaint.  Defendants had no legitimate purpose

17 | for this offensive, harmful, degrading and/or humiliating treatment.

18 |     42.    Defendants injured, harmed and demeaned Plaintiff in such an outrageous manner that he

19 | would be obviously affected emotionally by this intentional, retaliatory and/or harassing conduct.

20 | As a direct result of Defendants' intentional misconduct, Plaintiff experienced severe emotional distress.

21 | The actions of Defendants, and each of them. as set forth above, were outrageous and severe and were

22 | calculated to lead to the embarrassment, humiliation, mental anguish and degradation of Plaintiff.

23 | Defendants, and each of them, abused their special positions as law enforcement entities/officers.

24 |     43.    As a direct and proximate result of the conduct and actions of Defendants and their

25 | sheriffs/officers/deputies/agents/employees Plaintiff has been physically/psychologically/emotionally

26 | injured and damaged, including related general damages (pain/suffering/emotional distress), and

27 | incurred economic damages, including medical bills and damage to property. The amount of said

28 | damages is more than the jurisdictional minimum required by this Court.

44.     The aforementioned acts of Defendants and their

sheriffs/officers/deputies/agents/employees were willful, wanton, malicious, intentional, oppressive and

despicable, and were done in willful and conscious disregard of the rights, welfare and safety of

Plaintiff.

### FIFTH CAUSE OF ACTION

### STATUT●RY LIABILITY – NEGLIGENCE

**(Against Defendants COUNTY OF SAN BERNARDINO, a public entity; CITY OF HESPERIA, a**

**public entity; CITY OF VICTORVILLE, a public entity; TOWN OF APPLE VALLEY, a public**

**entity; and DOES 1 through 50)**

45.     Plaintiff restates and realleges each of the other allegations and paragraphs of this

Complaint and hereby incorporates by reference said allegations and paragraphs as though fully set forth

below.

46.     At all relevant times, Defendants and their sheriffs/officers/deputies/agents/employees

had the duty and obligation to act reasonably in carrying out their law enforcement/public entity

responsibilities and duties to the public and refrain from engaging in conduct that deprived members of

the public (including Plaintiff) of their civil rights, and was injurious, harmful, offensive and/or likely to

cause deprivation of rights, injury, harm, and distress to Plaintiff given their positions as law

enforcement officers and/or public entities acting under color of law and police authority.  These duties

also include the duty to properly and adequately screen, hire, supervise, train, and discipline their

employees and agents.

47.     There was no justification for or consent to the actions of Defendants against Plaintiff

alleged herein and the illegal and tortious conduct of Defendants.  Defendants breached their duties of

care by physically attacking Plaintiff, falsely imprisoning Plaintiff, violating Plaintiff civil rights,

harassing/retaliating against Plaintiff for engaging in lawful/protected activities, including reporting the

subject conduct, as well as the other conduct alleged in this Complaint.  Defendants also breached these

duties by failing to properly and adequately screen, hire, supervise, train, and discipline their employees

and agents.

48.     As a direct and proximate result of the conduct and actions of Defendants and their sheriffs/officers/deputies/agents/employees Plaintiff has been physically/psychologically/emotionally injured and damaged, including related general damages (pain/suffering/emotional distress), and incurred economic damages, including medical bills and damage to property.  The amount of said damages is more than the jurisdictional minimum required by this Court.

## SIXTH CAUSE OF ACTION

## EXCESSIVE FORCE – VIOLATION OF 42 U.S.C. § 1983

**(Against Defendants COUNTY OF SAN BERNARDINO, a public entity; CITY OF HESPERIA, a public entity; CITY OF VICTORVILLE, a public entity; TOWN OF APPLE VALLEY, a public entity; and DOES 1 through 50)**

49.     Plaintiff restates and realleges each of the other allegations and paragraphs of this Complaint and hereby incorporates by reference said allegations and paragraphs as though fully set forth below.

50.     Defendants and their sheriffs/officers/deputies/agents/employees used excessive force to interact with, arrest, put in custody and/or detain Plaintiff when Plaintiff was physical attacked without any provocation or justification, falsely arrested/detained, falsely imprisoned, falsely accused of crimes/illegal conduct, and illegally had his car towed/impounded by Defendants.  Defendants and their sheriffs/officers/deputies/agents/employees acted under color of law at all times relevant to this Complaint.  As a result of the conduct of Defendants, Plaintiff was deprived of his civil rights and suffered injuries and damages.

51.     Without cause or justification, and acting under color of law, Defendants and their sheriffs/officers/deputies/agents/employees intentionally and maliciously deprived Plaintiff of the rights secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution in that Defendants subjected Plaintiff to unreasonable, unnecessary and excessive force during his interactions with/arrest by/custody by/detention by Defendants even though no government interest compelled the need for Defendants and their sheriffs/officers/deputies/agents/employees to use force, especially the excessive force that caused severe bodily injuries to Plaintiff as alleged herein.

52.    Defendants and their sheriffs/officers/deputies/agents/employees used force during their interactions with/arrest of/custody of/detention of Plaintiff including by forcefully extracting Plaintiff from his vehicle and causing injuries to his body, as well as emotional distress.

53.    On information and belief, a reasonable law enforcement officer/entity and/or public officer/entity would not have physically attacked, pulled/yanked at, and injured Plaintiff under the same circumstances because Plaintiff posed no real, immediate, or significant threat of injury or death to Defendants or to the public, there was no crime being committed by Plaintiff or otherwise at hand, any conduct on the part of Plaintiff was not inherently dangerous, and there were numerous alternative means of responding to the situation without using force.

54.    As a result, the harmful use of force as alleged herein was excessive and objectively unreasonable under the circumstances.  The force was also performed and employed with a deliberate indifference to the safety and welfare of Plaintiff.  Defendants' actions thereby deprived Plaintiff of his right to be free from the use of excessive force by law enforcement/public officers and his right to be protected by law enforcement, rather than attacked by it.

55.    At all relevant times, Defendants and their sheriffs/officers/deputies/agents/employees knew or should have known that their actions while interacting with, arresting or otherwise detaining Plaintiff were overreaching, unreasonable, and would result in severe bodily injury and emotional distress to Plaintiff.

56.    As a direct and proximate result of the conduct and actions of Defendants and their sheriffs/officers/deputies/agents/employees Plaintiff has been physically/psychologically/emotionally injured and damaged, including related general damages (pain/suffering/emotional distress), and incurred economic damages, including medical bills and damage to property.  The amount of said damages is more than the jurisdictional minimum required by this Court.

57.    The aforementioned acts of Defendants and their sheriffs/officers/deputies/agents/employees were willful, wanton, malicious, intentional, oppressive and despicable, and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, entitling Plaintiff to an award of punitive damages in an amount to be proven at trial.

58.    Plaintiff is also entitled to an award of attorney fees pursuant to 42 USC Section 1988.

1    **SEVENTH CAUSE OF ACTION**

2    **FAILURE TO PROPERLY SCREEN AND HIRE – VIOLATION OF 42 U.S.C. § 1983**

3    **(Against Defendants COUNTY OF SAN BERNARDINO, a public entity; CITY OF HESPERIA, a**

4    **public entity; CITY OF VICTORVILLE, a public entity; TOWN OF APPLE VALLEY, a public**

5    **entity; and DOES 1 through 50)**

6         59.    Plaintiff restates and realleges each of the other allegations and paragraphs of this

7    Complaint and hereby incorporates by reference said allegations and paragraphs as though fully set forth

8    below.

9         60.    Defendants, as a matter of custom, practice, and policy, failed to adequately and properly

10   screen and hire the Defendants' sheriffs/officers/deputies/agents/employees.

11        61.    The failure of Defendants to properly screen and hire the Defendant

12   sheriffs/officers/deputies/agents/employees as a matter of policy, custom, and practice, in the exercise of

13   their functions, was deliberately indifferent to the Constitutional rights of Plaintiff and done with

14   conscious disregard for the dangers of harm and injury to Plaintiff (and others similarly situated).

15        62.    Due to the acts of the Defendants, the failure to properly screen and hire

16   sheriffs/officers/deputies/agents/employees and the continued employment of the Defendants'

17   sheriffs/officers/deputies/agents/employees, a clear and present danger exists to the residents of the

18   County of San Bernardino, including residents of the named defendant public entities.

19        63.    Defendants, with deliberate indifference, disregarded a duty to protect the public from

20   official misconduct.  Defendants knew or should have known that the failure to properly and adequately

21   screen and hire their sheriffs/officers/deputies/agents/employees was likely to result in the deprivation of

22   the rights of Plaintiff and injury and damage to Plaintiff.

23        64.    The conduct alleged herein violated Plaintiff's rights alleged above which has legally,

24   proximately, foreseeably, and actually caused Plaintiff to suffer general and special damages according

25   to proof at the time of trial.

26        65.    The aforementioned acts of Defendants and their

27   sheriffs/officers/deputies/agents/employees were willful, wanton, malicious, intentional, oppressive and

28

1    despicable, and were done in willful and conscious disregard of the rights, welfare and safety of

2    Plaintiff, entitling Plaintiff to an award of punitive damages in an amount to be proven at trial.

3        66.    Plaintiff is also entitled to an award of attorney fees pursuant to 42 USC Section 1988.

4                              **EIGHTH CAUSE OF ACTION**

5    **FAILURE TO PROPERLY TRAIN, SUPERVISE, AND DISCIPLINE – VIOLATION OF**

6                                  **42 U.S.C. § 1983**

7    **(Against Defendants COUNTY OF SAN BERNARDINO, a public entity; CITY OF HESPERIA, a**

8    **public entity; CITY OF VICTORVILLE, a public entity; TOWN OF APPLE VALLEY, a public**

9                              **entity; and DOES 1 through 50)**

10       67.    Plaintiff restates and realleges each of the other allegations and paragraphs of this

11   Complaint and hereby incorporates by reference said allegations and paragraphs as though fully set forth

12   below.

13       68.    Defendants, as a matter of custom, practice, and policy, failed to maintain adequate and

14   proper training for sheriffs/officers/deputies/agents/employees and other law enforcement personnel

15   necessary to educate these individuals/entities as to Constitutional rights of arrestees/detainees, to

16   prevent the consistent and systematic use of excessive force by arresting

17   sheriffs/officers/deputies/agents/employees, and to prevent the excessive force and extra-judicial

18   punishment of potential arrestees/detainees by Defendants' sheriffs/officers/deputies/agents/employees.

19       69.    Defendants and their sheriffs/officers/deputies/agents/employees also failed to provide

20   adequate supervision and discipline to their sheriffs/officers/deputies/agents/employees and other law-

21   enforcement personnel that hold the power, authority, insignia, equipment and arms entrusted to them.

22   Defendants also failed to promulgate and enforce adequate training, policies and procedures related to

23   alternatives to the use of physical force.

24       70.    Said custom, practice and policy included a failure to adequately investigate, supervise

25   and discipline offending sheriffs/officers/deputies/agents/employees that created and fostered the

26   custom, practice, and policy which resulted in the excessive use of force upon Plaintiff and other illegal

27   conduct alleged herein.

28

71.    Defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.  Defendants knew or should have known that the failure to properly and adequately train, supervise, and/or discipline their sheriffs/officers/deputies/agents/employees was likely to result in the deprivation of the rights of Plaintiff and injury and damage to Plaintiff.

72.    The failure to promulgate or maintain constitutionally adequate policies regarding training/supervision/discipline was done with deliberate indifference to the rights of Plaintiffs and others in his position.

73.    The constitutionally infirm lack of adequate training, supervision, and discipline as to the Defendants' sheriffs/officers/deputies/agents/employees and law-enforcement personnel in this case caused Plaintiff to suffer general and special damages according to proof at the time of trial.

74.    The aforementioned acts of Defendants and their sheriffs/officers/deputies/agents/employees were willful, wanton, malicious, intentional, oppressive and despicable, and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, entitling Plaintiff to an award of punitive damages in an amount to be proven at trial.

75.    Plaintiff is also entitled to an award of attorney fees pursuant to 42 USC Section 1988.

**NINTH CAUSE OF ACTION**

**<u>VIOLATION OF CALIFORNIA CIVIL CODE, § 52.1</u>**

**(Against Defendants COUNTY OF SAN BERNARDINO, a public entity; CITY OF HESPERIA, a public entity; CITY OF VICTORVILLE, a public entity; TOWN OF APPLE VALLEY, a public entity; and DOES 1 through 50)**

76.    Plaintiff restates and realleges each of the other allegations and paragraphs of this Complaint and hereby incorporates by reference said allegations and paragraphs as though fully set forth below.

77.    Defendants and their sheriffs/officers/deputies/agents/employees, while acting within the course and scope of their official duties, and under color of law, interfered with or attempted to interfere with the rights of Plaintiff to be free from unreasonable excessive force by threatening or committing acts involving violence, coercion, or intimidation.

78.   On information and belief, Plaintiff reasonably believed that if he exercised his constitutional and other rights, Defendants would commit acts involving violence, threats, coercion or intimidation against his person.

79.   Defendants and their sheriffs/officers/deputies/agents/employees injured, falsely imprisoned, harassed and intimidated Plaintiff to prevent Plaintiff from exercising his rights and/or to retaliate against Plaintiff for having exercised his rights.

80.   As a direct and proximate result of the conduct and actions of Defendants and their sheriffs/officers/deputies/agents/employees Plaintiff has been physically/psychologically/emotionally injured and damaged, including related general damages (pain/suffering/emotional distress), and incurred economic damages, including medical bills and damage to property.  The amount of said damages is more than the jurisdictional minimum required by this Court.

81.   Defendants' violation of Plaintiff's rights as guaranteed by California Civil Code §52. 1 entitles Plaintiff to recover reasonable costs and attorney fees under California Civil Code §§52.1, subd. (h), 52(b)(3).

82.   In committing the acts described above and throughout this Complaint, Plaintiff iss informed and believes that Defendants and their sheriffs/officers/deputies/agents/employees acted with a willful and conscious disregard for Plaintiff's rights as secured by §52.1, thereby entitling Plaintiff to recover punitive damages pursuant to California Civil Code §52, subd. (b)(I). Defendants are vicariously liable for the wrongful acts of their sheriffs/officers/deputies/agents/employees pursuant to §815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

## TENTH CAUSE OF ACTION

## <u>ASSAULT</u>

### (Against Defendants DOES 51 through 100)

83.   Plaintiff restates and realleges each of the other allegations and paragraphs of this Complaint and hereby incorporates by reference said allegations and paragraphs as though fully set forth below.

1          84.     On November 12, 2022 and subsequent occasions, Defendants and their

2    agents/employees acted intending to cause injury and harmful/offensive contact/touching to Plaintiff

3    and/or threatened to contact/touch Plaintiff in an injurious/harmful/offensive manner. At all relevant

4    times, it reasonably appeared to Plaintiff and Plaintiff reasonably believed Defendants and their

5    agents/employees would carry out their threats and that he was about to be contacted/touched in an

6    injurious/harmful/offensive manner.

7          85.     At no time did Plaintiff consent to any contact or touching of his person/property by

8    Defendants or any of the other alleged conduct of Defendants.

9          86.     As a direct and proximate result of the conduct and actions of Defendants and their

10   agents/employees Plaintiff has been physically/psychologically/emotionally injured and damaged,

11   including related general damages (pain/suffering/emotional distress), and incurred economic damages,

12   including medical bills and damage to property.  The amount of said damages is more than the

13   jurisdictional minimum required by this Court.

14         87.     The aforementioned acts of Defendants and their agents/employees were willful, wanton,

15   malicious, intentional, oppressive and despicable, and were done in willful and conscious disregard of

16   the rights, welfare and safety of Plaintiff, entitling Plaintiff to an award of punitive damages in an

17   amount to be proven at trial.

18                              **ELEVENTH CAUSE OF ACTION**

19                                    **BATTERY**

20                        **(Against Defendants DOES 51 through 100)**

21         88.     Plaintiff restates and realleges each of the other allegations and paragraphs of this

22   Complaint and hereby incorporates by reference said allegations and paragraphs as though fully set forth

23   below.

24         89.     Defendants and their agents/employees, acting individually and/or in concert, attacked,

25   assaulted and battered Plaintiff during the course and scope of their employment and/or under color of

26   law and law enforcement/police authority.

27

28

Exhibit A - 018

90.    In doing the acts herein alleged, Defendants and their agents/employees acted with the intent to cause harmful or offensive contacts and did cause such harmful or offensive contacts by physically attacking Plaintiff.

91.    Plaintiff did not consent to Defendants' harmful/offensive contacts.

92.    As a direct and proximate result of the conduct and actions of Defendants and their agents/employees Plaintiff has been physically/psychologically/emotionally injured and damaged, including related general damages (pain/suffering/emotional distress), and incurred economic damages, including medical bills and damage to property.  The amount of said damages is more than the jurisdictional minimum required by this Court.

93.    The aforementioned acts of Defendants and their agents/employees were willful, wanton, malicious, intentional, oppressive and despicable, and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, entitling Plaintiff to an award of punitive damages in an amount to be proven at trial.

**TWELFTH CAUSE OF ACTION**

**FALSE IMPRISONMENT**

**(Against Defendants DOES 51 through 100)**

94.    Plaintiff restates and realleges each of the other allegations and paragraphs of this Complaint and hereby incorporates by reference said allegations and paragraphs as though fully set forth below.

95.    Defendants and their agents/employees intentionally deprived Plaintiff of his freedom of movement by use of physical force/barriers/threats of force/menace/fraud/deceit/unreasonable duress. The subject confinement/restraints/detention required and compelled Plaintiff to be taken away from his vehicle and detained for a significant period of time.  Plaintiff did not consent to any of the conduct of Defendants.

96.    As a direct and proximate result of the conduct and actions of Defendants and their agents/employees Plaintiff has been physically/psychologically/emotionally injured and damaged, including related general damages (pain/suffering/emotional distress), and incurred economic damages,

1 | including medical bills and damage to property. The amount of said damages is more than the

2 | jurisdictional minimum required by this Court.

3 |     97.    The aforementioned acts of Defendants and their agents/employees were willful, wanton,

4 | malicious, intentional, oppressive and despicable, and were done in willful and conscious disregard of

5 | the rights, welfare and safety of Plaintiff, entitling Plaintiff to an award of punitive damages in an

6 | amount to be proven at trial.

7 | **THIRTEENTH CAUSE OF ACTION**

8 | **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

9 | **(Against Defendants DOES 51 through 100)**

10 |     98.    Plaintiff restates and realleges each of the other allegations and paragraphs of this

11 | Complaint and hereby incorporates by reference said allegations and paragraphs as though fully set forth

12 | below.

13 |     99.    Defendants and their agents/employees have/had a pattern and practice of treating law-

14 | abiding members of the public in a hostile and unacceptable manner. Defendants intentionally treated

15 | Plaintiff in an extreme and outrageous manner by assaulting/battering, violating his civil rights, falsely

16 | imprisoning, harassing, and retaliating against Plaintiff, including the conduct of Defendants as alleged

17 | in this Complaint. Defendants had no legitimate purpose for this offensive, harmful, degrading and/or

18 | humiliating treatment. Defendants injured, harmed and demeaned Plaintiff in such an outrageous

19 | manner that he would be obviously affected emotionally by this intentional, retaliatory and/or harassing

20 | conduct.

21 |     100.    As a direct result of Defendants' intentional misconduct, Plaintiff experienced severe

22 | emotional distress. The actions of Defendants, and each of them, as set forth above, were outrageous

23 | and severe and were calculated to lead to the embarrassment, humiliation, mental anguish and

24 | degradation of Plaintiff.

25 |     101.    As a direct and proximate result of the conduct and actions of Defendants and their

26 | agents/employees Plaintiff has been physically/psychologically/emotionally injured and damaged,

27 | including related general damages (pain/suffering/emotional distress), and incurred economic damages,

28 |

Exhibit A - 020

1   including medical bills and damage to property. The amount of said damages is more than the

2   jurisdictional minimum required by this Court.

3        102.    The aforementioned acts of Defendants and their agents/employees were willful, wanton,

4   malicious, intentional, oppressive and despicable, and were done in willful and conscious disregard of

5   the rights, welfare and safety of Plaintiff, entitling Plaintiff to an award of punitive damages in an

6   amount to be proven at trial.

7                              **FOURTEENTH CAUSE OF ACTION**

8                                    <u>**NEGLIGENCE**</u>

9                           **(Against Defendants DOES 51 through 100)**

10       103.    Plaintiff restates and realleges each of the other allegations and paragraphs of this

11  Complaint and hereby incorporates by reference said allegations and paragraphs as though fully set forth

12  below.

13       104.    At all relevant times, Defendants and their agents/employees had the duty and obligation

14  to act reasonably in carrying out their duties, including any related to law enforcement/public entity

15  responsibilities and duties to the public, and refrain from engaging in conduct that was injurious,

16  harmful, offensive and/or likely to cause injury, harm, and distress to Plaintiff under the circumstances.

17       105.    There was no justification for or consent to the actions of Defendants against Plaintiff

18  alleged herein and the illegal and tortious conduct of Defendants. Defendants breached the duties of

19  care by physically attacking Plaintiff, falsely imprisoning Plaintiff, violating Plaintiff civil rights,

20  harassing/retaliating against Plaintiff for engaging in lawful/protected activities, including reporting the

21  subject conduct, as well as the other conduct alleged in this Complaint.

22       106.    As a direct and proximate result of the conduct and actions of Defendants and their

23  agents/employees Plaintiff has been physically/psychologically/emotionally injured and damaged,

24  including related general damages (pain/suffering/emotional distress), and incurred economic damages,

25  including medical bills and damage to property. The amount of said damages is more than the

26  jurisdictional minimum required by this Court.

27       WHEREFORE, Plaintiff prays for judgment as follows:

28

1.  General damages, including damages for pain, suffering, emotional distress and mental distress, according to proof, plus prejudgment interest;

2.  Special/economic damages, including past and future medical expenses according to proof, plus prejudgment interest;

3.  Incidental pecuniary costs and expenses according to proof, plus prejudgment interest

4.  For an award of interest, including prejudgment interest, at the legal rate;

5.  For costs of suit and reasonable attorney fees as provided by law, including, but not limited to 42 U.S.C. § 1988 and California Civil Code §§52.l, subd. (h), 52, subd. (b)(3);

6.  For punitive damages as provided by law, including, but not limited to 42 U.S.C. §1983, California Civil Code §52, subd. (b)(l) in an amount according to proof at trial;

7.  For such other and further relief as the court may deem just, proper, and appropriate.

**DATED:** November 10, 2023            **THE LAW OFFICE OF JONATHAN M. KASHANI**

                                         */s/ Jonathan M. Kashani*
                           By: _____
                                         JONATHAN M. KASHANI, ESQ.
                                         *Attorney for Plaintiff, JIMMY YARBROUGH*

1

## DEMAND FOR JURY TRIAL

2     Plaintiff hereby demands a jury trial in this matter.

3

4     **DATED:** November 10, 2023                    **THE LAW OFFICE OF JONATHAN M. KASHANI**

5                                                                     */s/ Jonathan M. Kashani*
                                                         By: _____
6                                                                     JONATHAN M. KASHANI, ESQ.
                                                                      *Attorney for Plaintiff, JIMMY YARBROUGH*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28