UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-0319-KK-DTBx** | Date: | May 23, 2024 |
|---|---|---|---|
| Title: | *Jimmy Yarbrough v. San Bernardino County et al.* | | |

| Present: The Honorable | KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE |
|---|---|

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Plaintiff's Counsel Should Not Be Sanctioned for Misleading the Court

## I.
## BACKGROUND

On March 28, 2024, plaintiff Jimmy Yarbrough ("Plaintiff") filed the operative Second Amended Complaint against defendants San Bernardino County, City of Hesperia, City of Victorville, Town of Apple Valley (collectively, "Municipal Defendants") and Does 1-40 alleging Fourth and Fourteenth Amendment violations and related state claims arising from a November 12, 2022 traffic stop. ECF Docket No. ("Dkt.") 21 ("SAC").

In the SAC, Plaintiff cites three prior Central District of California cases and represents all four Municipal Defendants were named in each of these lawsuits – i.e., defendants County of San Bernardino, City of Hesperia, City of Victorville, and Town of Apple Valley. See SAC ¶¶ 80.c-e, 92.c-e. However, as the Court stated in its May 23, 2024 Order Granting in Part and Denying in Part Municipal Defendants' Motion to Dismiss, "none of the three cases cited by Plaintiff involves defendant City of Hesperia, defendant City of Victorville, or defendant Town of Apple Valley." Dkt. 33 at 6 n.3.

## II.
## DISCUSSION

"Rule 11 imposes a duty on attorneys to certify by their signature that (1) they have read the pleadings or motions they file and (2) the pleading or motion is 'well-grounded in fact,' has a

colorable basis in law, and is not filed for an improper purpose." Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir.1994) (referencing Federal Rule of Civil Procedure 11); see also FED. R. CIV. P.11(b).  An attorney who "signs the paper without such a substantiated belief shall be penalized by an appropriate sanction." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) (internal quotation marks omitted).  "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c)(1).

Here, the Court finds Plaintiff's counsel is in violation of its duties under Rule 11 and has not submitted a complaint that is "well-grounded in fact[.]" See Smith v. Ricks, 31 F.3d 1478 at 1488; FED. R. CIV. P. 11.  Specifically, Plaintiff has represented to the Court that Municipal Defendants were named in each of the prior Central District of California cases outlined in the SAC, when in fact, none of the cases involved defendant City of Hesperia, defendant City of Victorville, or defendant Town of Apple Valley.  See SAC ¶¶ 80.c-e.  Plaintiff has, thus, submitted a complaint that contains false and misleading allegations made without a reasonable basis in fact or law, in violation of Rule 11.  See Ass'n of Women with Disabilities Advocating Access ex rel. Jackson v. Mouet, No. 06-CV-02240-JM-LSP, 2007 WL 173959, at *1, 6–7 (S.D. Cal. Jan. 11, 2007) (issuing an order to show cause pursuant to Rule 11 upon determining party submitted complaint "containing materially false and misleading allegations made without a reasonable basis in fact or law"); Truesdell v. S. California Permanente Med. Grp., 209 F.R.D. 169, 177-78 (C.D. Cal. 2002) (finding "the imposition of [Rule 11] sanctions . . . independently justified" because plaintiff's counsel alleged "factual misrepresentations in the [c]omplaint[.]").

Accordingly, Plaintiff's counsel, Daryl G. Crouse and Jonathan M. Kashani are **ORDERED TO SHOW CAUSE** in writing why they should not be sanctioned in the amount of $500 each for their false and misleading allegations to the Court.  Plaintiff's counsel shall have up to and including Monday, May 27, 2024 to respond to this Order.

**Plaintiff is explicitly warned that failure to comply with this Order may result in additional sanctions, including monetary and/or terminating sanctions.**

**IT IS SO ORDERED.**