JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-319-KK-DTBx** | Date: | August 13, 2024 |
|---|---|---|---|
| Title: | *Jimmy Yarbrough v. San Bernardino County, et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order GRANTING Defendants' Motion to Dismiss [Dkt. 39]

## I.
## INTRODUCTION

On June 7, 2024, plaintiff Jimmy Yarbrough ("Plaintiff") filed the operative Third Amended Complaint ("TAC") against defendants San Bernardino County, City of Hesperia, City of Victorville, Town of Apple Valley, and Does 1 through 40, alleging Fourth and Fourteenth Amendment violations and related state claims arising from a November 12, 2022 traffic stop. ECF Docket No. ("Dkt.") 38. On June 20, 2024, defendants San Bernardino County, City of Hesperia, City of Victorville, and Town of Apple Valley ("Municipal Defendants") filed the instant Motion to Dismiss the TAC. Dkt. 39.

The Court finds this matter appropriate for resolution without oral argument. See FED. R. CIV. P. 78(b); L.R. 7-15. For the reasons set forth below, the Motion is **GRANTED**.

## II.
## BACKGROUND

### A. PROCEDURAL HISTORY

On November 13, 2023, Plaintiff filed a Complaint against Municipal Defendants in San Bernardino County Superior Court, seeking compensatory and punitive damages for alleged civil rights violations arising from a November 12, 2022 traffic stop. Dkt. 1-1.

On February 7, 2024, Municipal Defendants removed the action to this Court on the basis of federal question jurisdiction. Dkt. 1.

On February 14, 2024, Municipal Defendants filed a Motion to Dismiss the Complaint and Motion to Strike Plaintiff's request for punitive damages. Dkts. 9, 10. On February 27, 2024, the Court granted the Motion to Dismiss the Complaint and Motion to Strike based upon Plaintiff's lack of opposition. Dkts. 11, 12. Nevertheless, the Court granted Plaintiff leave to file an amended complaint. Dkt. 11.

On March 4, 2024, Plaintiff filed a First Amended Complaint ("FAC"). Dkt. 14.

On March 28, 2024, following the filing of Municipal Defendants' Motion to Dismiss the FAC, Plaintiff filed a Second Amended Complaint ("SAC"). Dkt. 21.

On April 11, 2024, Municipal Defendants filed a Motion to Dismiss the SAC and Motion to Strike Plaintiff's request for punitive damages. Dkts. 24, 25.

On May 23, 2024, the Court issued an Order granting in part and denying in part Municipal Defendants' Motion to Dismiss the SAC. Dkt. 33. Specifically, the Court dismissed Plaintiff's claim against the individual Doe defendants for denial of medical care following arrest and his claims against Municipal Defendants pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978) ("Monell") with leave to amend. Id. at 4-6, 9. The Court denied Municipal Defendants' request for dismissal of Plaintiff's state law claims. Id. at 7-9. Finally, the Court granted Municipal Defendants' Motion to Strike Plaintiff's request for punitive damages. Id. at 10.

On June 7, 2024, Plaintiff filed the operative TAC against Municipal Defendants and Does 1 through 40 ("Doe Defendants"), asserting the following claims:

(1) First Cause of Action against Doe Defendants pursuant to 42 U.S.C. § 1983 ("Section 1983") for excessive force;
(2) Second Cause of Action against Doe Defendants pursuant to Section 1983 for unlawful detention and arrest;
(3) Third Cause of Action against Doe Defendants pursuant to Section 1983 for violation of Plaintiff's equal protection rights;
(4) Fourth Cause of Action against Municipal Defendants pursuant to Monell based upon a theory of unconstitutional customs, policies, and/or practices;
(5) Fifth Cause of Action against Municipal Defendants pursuant to Monell based upon a theory of failure to train;
(6) Sixth Cause of Action against Municipal Defendants pursuant to Monell based upon a theory of ratification;
(7) Seventh Cause of Action against all defendants for false arrest and imprisonment;
(8) Eighth Cause of Action against all defendants for battery;
(9) Ninth Cause of Action against all defendants for negligence; and
(10) Tenth Cause of Action against all defendants for violation of California's Bane Act, Section 52.1 of the California Civil Code.

Dkt. 38, TAC.

On June 20, 2024, Municipal Defendants filed the instant Motion, seeking dismissal of Plaintiff's Fourth through Sixth Causes of Action pursuant to Monell for failure to state a claim upon which relief can be granted.  Dkt. 39.  On July 11, 2024, Plaintiff filed an Opposition.  Dkt. 40.  On July 17, 2024, Municipal Defendants filed a Reply.  Dkt. 41.

The matter thus stands submitted.

**B.     RELEVANT FACTS**

As alleged in the TAC, Doe Defendants 1 through 10 are deputies and supervisorial officers with the San Bernardino County Sheriff's Department; Doe Defendants 11 through 20 are deputies and supervisorial officers with the Victorville Police Department; Doe Defendants 21 through 30 are deputies and supervisorial officers with the Hesperia Police Department; and Doe Defendants 31 through 40 are deputies and supervisorial officers with the Apple Valley Police Department.  TAC ¶¶ 11-23.

Plaintiff alleges, on November 12, 2022, Doe Defendants 1 and 2 stopped Plaintiff while he was driving his vehicle in Victorville, California.  Id. ¶ 29.  At the time, Plaintiff "was not aware of committing any traffic violations[,]" "had no outstanding warrants[,]" "was driving within the posted speed limit[,]" and "had his seatbelt fastened."  Id. ¶ 30.

When Plaintiff pulled his vehicle to the side of the road, Doe Defendant 1 "forcefully opened the driver's side door" and "violently yanked Plaintiff out of the vehicle" without providing any commands or warning.  Id. ¶¶ 30-32.  Doe Defendants 1 and 2 then "slamm[ed] [Plaintiff] face-first against the side of the vehicle" and "twisted [his] arms behind his back[.]"  Id. ¶¶ 33-34.  Throughout the encounter, Plaintiff did not "resist or attempt to flee[,]" his "hands were empty and visible at all times," and "he did not make any sudden or furtive movements."  Id. ¶ 35.

After "several minutes" of restraining Plaintiff in this manner, Doe Defendants 1 and 2 handcuffed Plaintiff and placed him in the back of their patrol vehicle while they searched his vehicle.  Id. ¶¶ 36-38.  Approximately thirty minutes later, Doe Defendants 1 and 2 released Plaintiff and informed him he was "free to go."  Id. ¶ 39.

Plaintiff further alleges, following the November 12, 2022 traffic stop, Doe Defendants 1 and 2, "as well as other officers and deputies," allegedly "engaged in a pattern of harassment and intimidation against Plaintiff" in retaliation for his complaints about the incident.  Id. ¶¶ 45, 50.  This harassment included "appear[ing] at Plaintiff's home[,]" performing "unjustified stops and investigations" of Plaintiff and "his associated businesses" and "following him . . . as he went about his daily activities."  Id. ¶¶ 46-49.

## III.
## LEGAL STANDARD

A complaint may be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  In considering whether a complaint states a claim, a court must "construe the

pleadings in the light most favorable to the nonmoving party," Capp v. Cnty. of San Diego, 940 F.3d 1046, 1052 (9th Cir. 2019) (quoting Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005)), accepting as true all factual allegations in the complaint and drawing all reasonable inferences in the nonmoving party's favor. Moreno v. UtiliQuest, LLC, 29 F.4th 567, 573 (9th Cir. 2022). The court, however, need not accept as true "a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

A court should freely grant leave to amend a complaint dismissed for failure to state a claim, except where amendment "would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit," Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th Cir. 1990); see also FED. R. CIV. P. 15(a)(2); Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009). The court may dismiss without leave to amend, "if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (citations omitted).

## IV.
## DISCUSSION

As an initial matter, Municipal Defendants request dismissal of the TAC on the ground it was not timely filed. See dkt. 39 at 4. In its May 23, 2024 Order dismissing portions of the SAC with leave to amend, the Court ordered Plaintiff to file a TAC no later than June 6, 2024. Dkt. 33 at 11. However, Plaintiff did not file the operative TAC until June 7, 2024 – i.e., one day after the deadline set by the Court. Dkt. 38. While the Court is not pleased with Plaintiff's failure to timely comply with its May 23, 2024 Order, the Court declines to dismiss the TAC on this basis. Nonetheless, Plaintiff is expressly warned failure to comply with future Court orders will result in sanctions, including monetary sanctions and/or dismissal for failure to prosecute and comply with Court orders. See FED. R. CIV. P. 41(b).

**A. PLAINTIFF'S FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION FAIL TO STATE A CLAIM FOR MONELL LIABILITY UPON WHICH RELIEF CAN BE GRANTED**

### 1. Applicable Law

A municipality may not be sued under Section 1983 "for an injury inflicted solely by its employees or agents." Monell, 436 U.S. at 694. Rather, a municipality is liable under Section 1983 only "when execution of [the local] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" Id.

A plaintiff may establish municipal liability under Section 1983 by showing: (1) the alleged constitutional violation was committed "pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity," (2) the constitutional violation was committed by a government official with "final policy-making authority," or (3) a government official with "final policy-making authority" ratified a subordinate's unconstitutional conduct and the basis for it. Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation marks omitted). Alternatively, a plaintiff may establish municipal liability under Section 1983 by showing a municipality failed to train its employees and such failure to train amounts to "deliberate indifference" to the constitutional rights of the persons with whom the employees come into contact. City of Canton v. Harris, 489 U.S. 378, 388 (1988).

**2.    Analysis**

Here, Plaintiff alleges Municipal Defendants are liable under Monell based upon their (1) unconstitutional customs, policies, and/or practices (Fourth Cause of Action); (2) failure to adequately train their employees (Fifth Cause of Action); and (3) ratification of Doe Defendants' use of force (Sixth Cause of Action). TAC ¶¶ 41-44, 61-73.

The Court previously dismissed these causes of action on the ground Plaintiff could not plausibly allege specific facts to support a Monell claim without knowing which agency was involved in the alleged incident. Dkt. 33 at 6. The TAC fails to remedy this deficiency, as Plaintiff still has not identified which of the four entities named as defendants in this matter was involved in the November 12, 2022 traffic stop and subsequent alleged conduct.[1] In light of Plaintiff's apparent lack of knowledge as to which of the four agencies named as defendants was actually involved in the alleged conduct underlying the TAC,[2] Plaintiff's boilerplate allegations with respect to all four agencies are necessarily conclusory. Plaintiff, therefore, fails to "state a claim to relief that is plausible on its face." See Cook, 637 F.3d at 1004.

Accordingly, the Motion is **GRANTED**.

---

[1] While Plaintiff alleges Doe Defendants 1 and 2 were the deputies involved in the November 12, 2022 traffic stop and, elsewhere in the TAC, Plaintiff alleges Doe Defendants 1 and 2 are deputies with the San Bernardino County Sheriff's Department, TAC ¶¶ 12-13, 31-39, Plaintiff additionally alleges he was "subjected to excessive force, unlawful detention, and unreasonable seizure by officers and deputies employed by [Municipal Defendants][,]" id. ¶ 2, and Plaintiff's Section 1983 claims are asserted against all "Individual Doe Defendants" and all "Municipal and County Defendants," see id. ¶¶ 51-73. Furthermore, in his Opposition, Plaintiff does not state the officers involved in the alleged incident were San Bernardino County Sheriff's Department employees. See dkt. 40 at 2-5. Hence, it appears Plaintiff's references in the TAC to Doe Defendants 1 and 2 are not intended to limit his allegations to San Bernardino County Sheriff's Department employees.

[2] The Court further notes it is remarkable that Plaintiff remains unable to identify the agency involved in the November 12, 2022 traffic stop, given this matter has been pending for over eight months – particularly in light of Plaintiff's allegations that Doe Defendants "engaged in a pattern of harassment and intimidation against Plaintiff" following the incident. See TAC ¶¶ 45-50.

**B.    LEAVE TO AMEND WOULD BE FUTILE**

    **1.    Applicable Law**

Leave to amend should be "freely given," Foman v. Davis, 371 U.S. 178, 182 (1962); see also FED. R. CIV. P. 15(a)(2), except where amendment "would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit," Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th Cir. 1990).  Amendment would be futile, and the court may dismiss without leave to amend, "if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus, 623 F.3d at 1003.

    **2.    Analysis**

Here, Plaintiff has failed to remedy the deficiencies identified by the Court with respect to his Fourth through Sixth Causes of Action, despite having previously been granted an opportunity to do so.  See dkt. 33.  Hence, the Court finds granting Plaintiff further leave to amend his deficient claims would be futile.  See Telesaurus, 623 F.3d at 1003.  Accordingly, Plaintiff's Fourth, Fifth, and Sixth Causes of Action are **DISMISSED WITH PREJUDICE**.

**V.
CONCLUSION**

For the reasons set forth above, the Motion is **GRANTED**.  Plaintiff's Fourth, Fifth, and Sixth Causes of Action are **DISMISSED WITH PREJUDICE**.

    **IT IS SO ORDERED.**