UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 24-319-KK-DTBx | Date: | May 7, 2025 |
| Title: | *Jimmy Yarbrough v. San Bernardino County et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) ORDER TO SHOW CAUSE Regarding Failure to Name and Serve Doe Defendants

     On November 13, 2023, plaintiff Jimmy Yarbrough ("Plaintiff") commenced this action by filing a Complaint in San Bernardino County Superior Court against defendants San Bernardino County, City of Victorville, City of Hesperia, Town of Apple Valley (collectively, "Municipal Defendants") and Does 1 through 100 ("Doe Defendants"), asserting Fourth and Fourteenth Amendment violations and related state claims arising out of a November 12, 2022 traffic stop. ECF Docket No. ("Dkt.") 1-1. On February 7, 2024, Municipal Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1367. Dkt. 1.

     On June 7, 2024, Plaintiff filed the operative Third Amended Complaint ("TAC") against Municipal Defendants and Doe Defendants 1 through 40. Dkt. 38, TAC. On August 13, 2024, the Court dismissed Plaintiff's Fourth, Fifth, and Sixth Causes of Action with prejudice. Dkt. 43. Thus, the following causes of action remain:

(1) First Cause of Action against Doe Defendants pursuant to 42 U.S.C. § 1983 ("Section 1983") for excessive force;
(2) Second Cause of Action against Doe Defendants pursuant to Section 1983 for unlawful detention and arrest;
(3) Third Cause of Action against Doe Defendants pursuant to Section 1983 for violation of Plaintiff's equal protection rights;
(7) Seventh Cause of Action against all defendants for false arrest and imprisonment;
(8) Eighth Cause of Action against all defendants for battery;
(9) Ninth Cause of Action against all defendants for negligence; and

> (10) Tenth Cause of Action against all defendants for violation of California's Bane Act, Section 52.1 of the California Civil Code.

TAC at 9-15.

On November 12, 2024, the Court issued a Civil Trial Scheduling Order setting the discovery cut-off for January 30, 2025 and the amended pleadings deadline for November 21, 2024. Dkt. 51. On January 31, 2025, the Court granted the parties' stipulation to extend the discovery cut-off date to March 26, 2025. Dkt. 56.

Pursuant to the Court's Standing Order, "any 'DOE' or fictitiously named defendant who is not identified and served within ninety (90) days after the case is filed shall be dismissed pursuant to Federal Rule of Civil Procedure 4(m)." Dkt. 8. Specifically, Federal Rule of Civil Procedure 4(m) states: "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Here, the only federal claims remaining, the First, Second, and Third Causes of Action, are against Doe Defendants. See TAC at 9-11. Despite initiating this action almost 18 months ago, Plaintiff has failed to serve, or even name, Doe Defendants. Furthermore, the deadlines to amend the pleadings and the discovery cut-off deadline have passed. See dkts. 51, 56. Thus, Plaintiff has failed to comply with Federal Rule of Civil Procedure 4(m) and this Court's Order, warranting dismissal of Doe Defendants. Bulgara v. Cnty. of Stanislaus, No. 1:18-CV-00804-DAD-SAB, 2020 WL 5366306, at *5 (E.D. Cal. Sept. 8, 2020), report and recommendation adopted, No. 1:18-CV-00804-DAD-SAB-PS, 2021 WL 1105255 (E.D. Cal. Mar. 23, 2021) ("The Court recommends that Doe Defendants 1, 2, and 3 be dismissed from this action for Plaintiff's failure to effect service of process in compliance with Rule 4(m) of the Federal Rules of Civil Procedure.").

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing why the Court should not dismiss Doe Defendants. Plaintiff shall file a response to this Order **no later than seven (7) days from the date of this Order**. **Plaintiff is expressly warned that failure to timely file a response to this Order will result in the dismissal of Doe Defendants and, consequently, the dismissal of Causes of Action One, Two, and Three.** See Hicks v. Bradford, No. CV 21-07330-DMG-GJSx, 2024 WL 3001413, at *4 (C.D. Cal. Mar. 29, 2024).

**IT IS SO ORDERED**.